**DOUGHERTY v. LEWIS, Former Collector of Internal Revenue.**

No. 9492.

Circuit Court of Appeals, Ninth Circuit.

Nov. 13, 1940.

Faulkner & O'Connor, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and W. E. Licking and W. F. Mathewson, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant sued to recover taxes assessed and collected as due upon distilled spirits. From an adverse judgment he appeals.

A Federal statute (Sec. 3251, Revised Statutes, 26 U.S.C.A. Int.Rev.Code, § 2800

(d) provides: "Every proprietor or possessor of, and every person in any manner interested in the use of, any still, distillery, or distilling apparatus, shall be jointly and severally liable for the taxes imposed by law on the distilled spirits produced therefrom."

Three men, Biagi, Bianchini and Rodoni, agreed to set up and operate an illicit distillery for the production of alcohol with intent to defraud the United States of the taxes on the alcohol produced. Appellant agreed with these men to permit them to set up the distillery in a barn located upon a portion of a 1600 acre ranch leased by appellant. The agreement was in consideration of the monthly payment to appellant of the sum of $125 and upon the condition that the three men would attempt to protect appellant from the criminal and tax liabilities incident to the unlawful operation. To effectuate the agreement one of the three signed with a fictitious name and delivered to appellant a writing purporting to be a lease for 14 months of 20 acres of the ranch at a rental of $400. The stated purpose of the purported lease was dry stock feeding.

In line with the agreement the three men installed the distillery in the barn, 200 feet from appellant's residence. The distillery, while not operated continuously, was operated in October and November, 1934 and in May, 1935. The production amounted to 3886 proof gallons of alcohol. Appellant received the monthly rental of $125 for each of the three months the still was in operation.

Appellant was aware of the use to which the property was intended to be and was put, and agreed to and permitted such use with full knowledge of its illegality. He knew the source of his rentals. These far exceeded the sum which might have been earned as rental for the use stated in the lease, or for any legitimate farming enterprise conducted on the premises.

Such were the findings below and appellant makes no attempt to impeach them here. The question he argues is whether he was shown to be a "person in any manner interested in the use of, any still" as provided in the statute.

The question answers itself. The tax is levied on distilled spirits, whether legally or illegally produced. The relevant statutory provision was designed to prevent evasion of the tax and to circumvent frauds upon the government. Here, concealment of the operation was a prime requisite and the excessive rental exacted was the price of concealment. The amount of the rentals, and indeed their payment, depended upon the successful use of the still, and in practise they were paid only during the periods of use.

Affirmed.