**William SYKES, Appellant,**

**v.**

**COMMONWEALTH OF VIRGINIA, ex rel. C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.**

**No. 9793.**

United States Court of Appeals
Fourth Circuit.

Argued June 3, 1965.

Decided July 21, 1966.

---

* Harvey M. Johnsen, 8 CA, sitting by designation.

upon the attorney's statement, while seeking a further continuance of the trial, that he was not prepared for a jury trial. Denial of a further continuance, under those circumstances, the prisoner contends was a denial of his constitutional right to effective representation by adequately prepared lawyers.

For the reasons more fully stated by the District Court in its findings of fact and conclusions of law, we conclude that the proper standard is an objective one, and that there was no denial of any constitutional right in the refusal of a further continuance.

Sykes was indicted for rape in November, 1961. A thoroughly competent lawyer was appointed to represent him. After investigation, he advised Sykes to plead guilty. Sykes disliked that advice and he sought other representation. The case was continued and, on February 16, 1962, another lawyer was appointed to serve with the first and, by agreement, the case was set for March 9. On March 6, the second lawyer sought a further continuance of the case to the May term. That motion was refused, but the trial was postponed from March 9 to March 13.

On March 13 the defense attorneys were prepared to proceed with a trial to the court without a jury, but the Commonwealth's attorney refused to join in the waiver of a jury. The second attorney then moved for a further continuance upon the ground that the Commonwealth's attorney's refusal to join in a waiver of a jury was unprecedented in his experience, that he had not prepared an opening statement or suggested instructions to the jury and, in those respects, was unprepared to proceed in a trial before a jury. That motion was refused, but the court postponed the commencement of the trial for two hours to permit the attorney to work upon suggested instructions and his opening statement. The trial then commenced and proceeded to a judgment of conviction entered upon the jury's finding of guilt.

Sidney L. Berz, Richmond, Va. (Court-assigned counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, J. SPENCER BELL, Circuit Judge, and BARKSDALE, District Judge.

PER CURIAM:

In this habeas corpus proceeding the petitioner attacks his conviction for rape upon the ground of inadequacy of his trial counsel. He attacks neither the ability, the loyalty, nor the application of trial counsel, but rests his contention

The District Court reviewed the record of the trial and concluded that the defense attorneys performed their role ably and effectively. It reviewed the instructions and noted that, even then, there was no suggestion that they were inadequate in any respect.

We, too, have reviewed the trial record and fully endorse the District Court's conclusion that it shows the defendant was fairly tried and ably represented by his lawyers.

When the record, itself, considered objectively, discloses no deficiency whatever in the performance of defense counsel, in light of the Court's earlier allowance of ample time for preparation for trial, a defense lawyer's statement that he felt himself unprepared, however sincere he may have been, discloses no constitutional infirmity in the trial. Every lawyer on the losing side of a case probably feels that if he had had a little more time he might have done something else which would have been helpful. Here, the lawyers' suggestion of inadequate preparation was made just before the trial commenced, as well as during the habeas corpus hearing, but that fact is unimportant here when the court had allowed ample time for preparation. The attorneys were fully prepared as far as knowledge of the witnesses and their expected testimony was concerned. When, under those circumstances, the Court's instructions, about which the lawyer was concerned prior to the trial, were subject to no suggestion of inadequacy until now,[1] it cannot be said that the defendant was not fairly tried nor ably represented by his lawyers.

Defendants are entitled to prompt trials. They are also entitled to delay when delay is necessary to enable their attorneys to properly prepare themselves for trial. When reasonable time has been provided for that purpose, however, it becomes the Court's duty in the control of its docket to avoid unnecessary delay and to insist that the lawyers devote themselves to the business at hand in preference to other matters which may call for their attention.

The record here shows no unreasonable want of indulgence of trial counsel. The two continuances, one after the second lawyer entered the case and a further postponement of one week beyond the agreed trial date, clearly reveal the Court's consideration of the defendant's rights and of his lawyers' convenience. It must have the power at an appropriate time to insist that the trial proceed notwithstanding an attorney's statement of unpreparedness. In such a case, when there has been adequate forewarning and when the trial record, viewed objectively, shows that the lawyers performed well and effectively, there is no basis for a claim that the defendant's representation was so inadequate as to amount to a denial of the fair trial requirement of the Fourteenth Amendment.

Affirmed.

---

1. For the first time, in his brief in this Court, counsel for the prisoner undertakes to point out certain formal deficiencies in the charge. We think they are insubstantial.