**John Henry SHOFFEITT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

Nos. 25490, 26191.

United States Court of Appeals
Fifth Circuit.

Nov. 25, 1968.
Certiorari Denied Feb. 24, 1969.
See 89 S.Ct. 868.

Robert B. Thompson, Gainesville, Ga., for appellant.

Robert L. Smith, Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellee.

Before WISDOM and AINSWORTH, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge:

These two cases were consolidated by order of this Court entered September 24, 1968. In No. 25490, Shoffeitt was convicted by a jury on one count of an indictment charging him with selling and possessing distilled spirits, the immediate containers not having affixed thereto the required tax stamps in violation of 26 U.S.C. § 5604(a) (1). In No. 26191, Shoffeitt was convicted by a jury on two counts of an indictment charging him with another violation of § 5604(a) (1) and with concealing nontaxpaid distilled spirits in violation of 26 U.S.C. § 5601(a) (12). No recitation of the facts is required inasmuch as only bald questions of law are raised on appeal. Shoffeitt maintains that the Fifth Amendment privilege against self-incrimination, as interpreted in the recent trilogy, Grosso v. United States, 390 U. S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, is a complete defense to the offenses charged. He further maintains that, in the circumstances, failure to raise the issue at trial is not an effective waiver of that defense.

We agree that there has not been an effective waiver. The Government concedes that it would have been useless to raise the self-incrimination issue at the time of the trial, i.e., prior to *Grosso, Marchetti* and *Haynes*. The Supreme Court held in Grosso, supra, 390

U.S. at 71, 88 S.Ct. 709, that there was no effective waiver because at the time of trial there were cases expressly upholding the statutes under which Grosso was convicted. Both §§ 5601 and 5604 were held constitutional in Ramsey v. United States, 245 F.2d 295 (9th Cir. 1957), although it is not clear that the challenge was specifically on Fifth Amendment grounds. Even were there no case holding the statutes constitutional, a contrary holding was so implausible prior to the trilogy that the non-waiver rationale of *Grosso* seems fully applicable here.

 Turning to the merits, we are not surprised, in view of the recent trilogy, to find appellant making the Fifth Amendment argument. Indeed, Chief Justice Warren predicted it in his dissent. Grosso, supra, 390 U.S. at 83, 88 S.Ct. 709. Shoffeitt suggests significant similarities between the statutes regulating the production and sale of liquor and the gambling statutes involved in *Grosso* and *Marchetti*. The Government, on the other hand, has urged some persuasive distinctions—distinctions which the language of the three cases seems to invite. We need not reach those issues, however, as we are clear to the conclusion that appellant has not cleared the first hurdle: showing some possibility of self-incrimination. We find no basis for a conclusion that these statutes require anyone to give information to the Government about anything.

The statutes under which Shoffeitt was convicted do not on their face require the "possessor" or "concealer" of nontaxpaid whiskey to pay the tax, to file a return, or to register with the Government in any other manner. We note that appellant appears to make no such contention. We believe that such a contention would not be tenable when the statutory scheme is viewed as a whole. 26 U.S.C. § 5005(b) (1) provides:

"Every proprietor or possessor of, and every person in any manner interested in the use of, any still, distilling apparatus, or distillery, shall be jointly and severally liable for the taxes imposed by law on the distilled spirits *produced* therefrom." (Emphasis added.)

The statutory language "every person in any manner interested in the use of" is broad and has been broadly construed. See, e.g., Dougherty v. Lewis, 115 F.2d 478 (C.C.A.Cal.1940); United States v. Wainer, 211 F.2d 669 (7th Cir.1954). But we have found no case suggesting that the language reaches a possessor or concealer. Nor would we expect to find such a case. A tax on possession of property would likely run afoul of the limitations on direct taxes set forth in Sections 2 and 9 of Article I of the Constitution as construed by the celebrated income tax case of Pollock v. Farmers Loan & Trust Co., 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759 (1895). Faced with a somewhat similar challenge, the Third Circuit specifically held that 26 U.S.C. § 5001, the section which imposes the tax and establishes the rate (rather than determines who is liable), is an excise tax on distillation, i.e., an indirect tax on the *production* of distilled spirits. Schenley Distillers Inc. v. United States, 255 F.2d 334 (3rd Cir.1958). In that case the Court clearly rejected Schenley's contention that the tax was direct because it was not required to be paid until the whisky was removed from bond or "forced-out" of bond by the operation of 26 U.S.C. § 5006(a) (2), as then written, at the expiration of eight years.

 The reports and returns which may be required by the statutory scheme are subject to a parallel construction. 26 U.S.C. § 5555 provides:

"Every person liable to any tax imposed by this chapter, or for the collection thereof, or for the affixing of any stamp required to be affixed by this chapter, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary or his delegate may prescribe."

We have already concluded that a possessor or concealer is not liable for the

payment of the tax. Although it makes § 5555 somewhat redundant, we also conclude that such a person is not liable for affixing the stamps since under 26 U.S.C. § 5205 the purpose of the stamps appears to be the evidencing of payment of the tax or of other compliance with the statutory scheme.

Shoffeitt, then, as a mere possessor or concealor of bootleg whisky, was not obligated to pay the taxes due and owing or to file a tax return or other records. It is this which distinguishes his case from Haynes v. United States, supra, the most similar case in the trilogy. Haynes was convicted of a violation of 26 U.S.C. § 5851, which makes it "unlawful for any person * * * to possess any firearm which has not been registered as required by section 5841." Section 5841 essentially required the registration of any firearm unlawfully obtained,[1] and had previously been held unconstitutional by this and other courts.[2] Section 5851, however, repeatedly had been held constitutional. Although noting the plausibility of Haynes' argument that "nonregistration by 'anyone' must, by the very provisions of Section 5841, necessarily include the present possessor of the firearm," Haynes v. United States, 372, F.2d 651, 653 (5th Cir.1967), this Court felt obliged to follow the great weight of authority and affirmed the conviction.

The Supreme Court, of course, was in a position to take a fresh look at the statutes. In support of the constitutionality of § 5851, the United States contended that:

"the two offenses, despite the similarity of their statutory descriptions, serve entirely different purposes, in that the registration clause of § 5851 is intended to punish acceptance of possession of a firearm which, despite the requirements of § 5841, was never registered by any prior possessor, while § 5841 punishes only a present possessor who has failed to register the fact of his own possession." Haynes v. United States, 390 U.S. at 90–91, 88 S.Ct. at 727, 19 L.Ed.2d 889.

The Supreme Court rejected the proffered distinction, finding themselves:

"unable to escape the conclusion that Congress intended the registration clause of § 5851 to incorporate the requirements of § 5841, by declaring unlawful the possession of any firearm which has not been registered by its possessor, in circumstances in which § 5841 imposes an *obligation to register*. The elements of the offenses created by the two sections are therefore identical." 390 U.S. at 94, 88 S.Ct. at 729. (Emphasis added.)

Shoffeitt, not being under any similar obligation, cannot avail himself of the Fifth Amendment privilege. And although it is arguable that those who are obliged to pay taxes, file returns, and so forth, in connection with distilled spirits, may be able to raise the Fifth Amendment, appellant here does not find himself in one of those "unique situations which * * * has led the Court to proceed without regard to its usual rule" that a person may not claim standing to vindicate the constitutional rights of some third party. Barrows v. Jack-

---

1. Section 5841 provides in full:

"Every person possessing a firearm shall register, with the Secretary or his delegate, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and if such person is other than a natural person, the name and home address of an executive officer thereof. No person shall be required to register under this sec-

tion with respect to a firearm which such person acquired by tranfer or importation or which such person made, if provisions of this chapter applied to such transfer, importation, or making, as the case may be, and if the provisions which applied thereto were complied with.

2. Lovelace v. United States, 357 F.2d 306 (5th Cir. 1966) and cases cited in Haynes v. United States, 372 F.2d 651, 652 n. 3 (5th Cir. 1967).

son, 346 U.S. 249, 255–257, 73 S.Ct. 1031, 97 L.Ed. 1586. Shoffeitt's convictions are therefore

Affirmed.