**Frank Edward SEPULVEDA, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 232–68.**

United States Court of Appeals
Tenth Circuit.

Aug. 11, 1969.

See also D.C., 244 F.Supp. 598.

Rollie R. Rogers, Denver, Colo. (Harry L. Hellerstein, Aurora, Colo., with him on the brief), for appellant.

James R. Richards, Asst. U. S. Atty. (James L. Treece, U. S. Atty., with him on the brief), for appellee.

Before MURRAH, Chief Judge, PHILLIPS and SETH, Circuit Judges.

PER CURIAM.

The petitioner sought post-conviction relief by a petition for a writ of coram nobis. He was originally convicted in 1954 for illegal possession of marijuana under 26 U.S.C. § 2593(a), now 26 U.S.C. § 4744(a). The appellant entered a not guilty plea to the charge, and at the trial he testified on his own behalf. He was convicted and served the sentence. In 1960 he was charged with the offense of importing marijuana, concealing and transporting it, and failing to pay the tax. At the trial, he testified on his own behalf and denied guilt. He was found guilty and was sentenced for twenty years under the multiple offense provisions of 26 U.S.C. § 7237(a) and is now serving this sentence.

His petition for a writ of coram nobis was denied by the trial court, and he has taken this appeal. Appellant relies on Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923; · Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94.

The record shows that appellant in no way sought to raise the issue of privilege against self-incrimination at his trials as was done in United States v. Freeman, 412 F.2d 1180 (10th Circuit, June 20, 1969). Can he now in this post-conviction petition raise the issue effectively under Covington, Leary, and their predecessors?

We must hold that he cannot do so, for the reason that the claim of privilege was not timely made. The Court in Covington said that the privilege is a bar if not waived and is timely made. The Court found that the claim was

properly made in Leary, at a motion for new trial, and in Covington, on a motion to dismiss the indictment. In Covington there could seem to be no serious issue of timeliness in view of the time when the claim was asserted, but the Court nevertheless stated the requirement of timeliness and recited that it had been there met. Thus it must be considered of primary significance. We must hold that the assertion of the claim for the first time during the course of this post-conviction relief is not timely as required by Covington.

In our consideration of the timeliness issue we have given careful consideration to the several cases from other courts which reach a different result. These include: Shoffeitt v. United States, 403 F.2d 991 (5th Cir.); United States v. Miller, 406 F.2d 1100 (4th Cir.), and Drennon v. United States, 393 F. 2d 342 (8th Cir.). In these cases, and specifically in Shoffeitt, complete reliance is placed upon the proposition that the state of the decisions at the time of trial was such that it would have been useless to assert the privilege. The decisions in Covington and Leary contain no definitions of timeliness but in view of the facts in each and the nature of the rule laid down, we see no exceptions as suggested in the above cited opinions.

The statements in Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L. Ed.2d 906, do not lead to a contrary result in view of the fact that there the claim had been clearly asserted but for some reason not as to all counts. Under these circumstances the Court applied the claim to all. Comparable language was not used by the Court in Covington and Leary, but the timeliness requirement referred to above was enunciated, and this we consider to be significant. The time measure there was set out in relation to the state of the proceedings in the trial court, and not in relation to the defendant's knowledge of the law or the then state of the law.

We have not in this opinion considered the issue of whether Leary and Covington are to be applied retroactively, as it is not here necessary to do so.

Thus we hold that the assertion of the privilege by the appellant was not timely made as required by Covington.

Affirmed.