**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Johnny JOHNSON and Edward L. Bradley, Defendants-Appellants.**

**No. 27235**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Sept. 30, 1969.

James R. McAtee, Pensacola, Fla., for defendants-appellants.

Clinton Ashmore, U. S. Atty., Pensacola, Fla., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

■ Appellants, Johnson and Bradley, were convicted by a jury in the United States District Court for the Northern District of Florida under an indictment charging possession of distilled spirits, the immediate containers of which did not have affixed thereto the required tax stamps in violation of 26 U.S.C. § 5205 (a) (2) and § 5604(a) (1) (1964). They argue that they were denied a fair trial in that their counsel was not appointed until one day prior to trial, and that compliance with the statutes requiring federal tax stamps to be affixed to whiskey containers would violate their Fifth Amendment privilege against self-incrim-

ination. We reject these contentions and affirm.[1]

■ The rule applicable to appellants' first contention is stated concisely in Mosley v. Dutton:

> Whether the applicant has been denied the benefit of assistance of counsel guaranteed to him by the Fourteenth Amendment depends upon "the particular circumstances" appearing in the record. Avery v. State of Alabama, 1940, 308 U.S. 444, 448, 60 S.Ct. 321, 84 L.Ed. 377; Underwood v. Bomar, 6 Cir. 1964, 335 F.2d 783, 786, n.2.[2]

In considering the "particular circumstances" in this case the record discloses that appellants were represented at all pre-trial proceedings by privately-retained counsel. There is no suggestion that this attorney inadequately or improperly represented appellants. On the day of trial they discharged their attorney and requested court-appointed counsel. This request was granted along with a continuance of one day. At no time during the trial did appellants suggest that the interval between the appointment of counsel and trial was insufficient for the preparation of their defense. On the basis of these facts, we conclude that defendants were not denied the effective assistance of counsel.

■ Appellants also argue that compliance with Internal Revenue laws requiring tax stamps to be affixed to containers of whiskey would result in self-incrimination and thus, prosecution for failure to comply violates the Fifth Amendment of the United States Constitution. This argument has been considered in light of the recently decided cases of Marchetti v. United States, Grosso v. United States, and Haynes v. United States,[3] and consistently rejected.[4]

1. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969).

2. 367 F.2d 913, 916 (5th Cir. 1966).

3. 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968).

4. United States v. Ellington, 406 F.2d 348 (5th Cir. 1969); Shoffeitt v. United States, 403 F.2d 991 (5th Cir. 1968);

**334**

Appellants' attorney candidly admits that this case is frivolous unless a reversal is required by the recent decision in Leary v. United States.[5] In our opinion *Leary* does not alter the conclusion reached in our former cases. The statutes in question simply do not require a "possessor" of whiskey to purchase tax stamps. The tax imposed is on the distillation of spirits.[6]

The judgment is affirmed.

---

Brown v. United States, 401 F.2d 769 (5th Cir. 1968).

5. 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (May 19, 1969).

6. *See* 26 U.S.C. § 5005(b) (1); Shoffeitt v. United States, 403 F.2d 991, 992–993 (5th Cir. 1968).