**Louis COHEN, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Respondent-Appellee.**

No. 27462

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Nov. 10, 1969.

Rehearing Denied Dec. 18, 1969.

Louis Cohen, pro se.

Earl Faircloth, Atty. Gen. of Florida, Tallahassee, Fla., Arden M. Siegendorf, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

■ We have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk to place the cause on the Summary Calendar and to notify the parties of this fact in writing. See Rule 18 of the Rules of the Court, Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I, and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

Louis Cohen, petitioner, appeals from the district court's denial of his petition for a writ of habeas corpus. We affirm.

A jury found Cohen and a co-defendant guilty of the crime of robbery. The state court affirmed, after considering the identical contentions Cohen urges in his habeas petition. Cohen v. State, Fla.App.1964, 167 So.2d 633.

Cohen contends that (1) he was denied effective assistance of counsel at trial and (2) the trial judge committed reversible error when he announced to the jury that one of the co-defendants had changed his plea from "not guilty" to "guilty". The facts relevant to these contentions are stated fully in Vitiello v. State, Fla.App.1964, 167 So.2d 629, involving the appeal of one of the co-defendants. The district court denied relief on the basis of the record in the state courts.

I. The record shows that the petitioner with two co-defendants was first charged with the crime of robbery by an information filed on May 23, 1963. On June 11, 1963, the petitioner was arraigned and entered a plea of not guilty to the crime alleged in the first information. Seven days thereafter, on June 18, 1963, the Court, upon motion of the Assistant State Attorney, quashed the information, permitted the State to file a new information, and accepted the petitioner's plea of not guilty. With respect to Cohen's alleged lack of legal representation, the Court found:

The petitioner was represented by counsel of his own choice, Barry L. Garber. On July 9, Mr. Garber withdrew as counsel which precipitated the revocation of the petitioner's surety appearance bond. The petitioner was remanded to jail to await trial. Max Engel, a member of The Florida Bar and an experienced criminal trial lawyer, appeared in court on July 12 when the petitioner's case was called for the purpose of setting a trial date. The petitioner was not present in court. Mr. Engel, on behalf of the petitioner, withdrew a waiver of jury trial which had been previously made by the petitioner. At trial, on July 18, 1963, the petitioner for the first time informed the court that Mr. Engel was not hired by him to represent him at the trial and he requested the court to grant him a continuance. The request was denied. According to the transcript of the proceedings, Mr. Engel had visited the petitioner in jail on three occasions prior to trial in order to discuss the case with his client. He was unable to get any facts from the petitioner apparently because the petitioner was uncooperative. The petitioner admitted at trial that he did hire Mr. Engel to file two petitions for writ of habeas corpus on his behalf and that the case had previously been continued twice for his benefit. The case proceeded to trial with Mr. Engel as his counsel.

■ The record affirmatively reflects that the defendant was afforded a full, fair, and adequate trial. It was apparent both to the state courts and to the district court, as it is to this Court, that the appellant deliberately attempted to keep from going to trial. In these circumstances, the appellant was not denied effective assistance of counsel, and accordingly, is not entitled to relief. United States v. Johnson, 5 Cir. 1969, 417 F.2d 332; United States v. Arlen, 2 Cir. 1958, 252 F.2d 491; Paccione v. United States, 2 Cir. 1955, 224 F.2d 801, cert. denied, 350 U.S. 896, 76 S.Ct. 155, 100 L.Ed. 788; United States ex rel. O'Neill v. Rundle, E.D.Pa.1964, 230 F.Supp. 323.

■ II. The change of plea did not occur in the presence of the jury and the

trial judge's admonition was adequate to safeguard the appellant's presumption of innocence. Accordingly, the court below was correct in finding that the appellant has failed to show a deprivation of constitutional rights upon which relief could be granted. *See* 28 U.S.C. § 2241(c) (3).

The judgment is

Affirmed.