Ernest E. TAYLOR, Appellee,

v.

UNITED STATES of America, Appellant.

No. 19990.

United States Court of Appeals, Eighth Circuit.

March 30, 1970.

Calvin K. Hamilton, U. S. Atty., Kansas City, Mo., and Frederick O. Griffin, Jr., Asst. U. S. Atty., for appellant.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and GIBSON, Circuit Judges.

PER CURIAM.

This is an appeal by the United States from final judgment entered by the District Court on a 28 U.S.C.A. § 2255 motion on September 24, 1969, vacating defendant's conviction and sentence upon each of four counts of an information.

Defendant was convicted on Counts I and III of transferring marihuana not pursuant to a written order in violation of 26 U.S.C.A. § 4742(a). He was convicted on Counts II and IV of acquiring marihuana without paying the transfer tax in violation of 26 U.S.C.A. § 4744(a). On December 12, 1962, ten-year sentences were imposed on the Counts I and III violations and five-years sentences were imposed on the Counts II and IV violations, the sentences to be served concurrently. The trial court's decision is based upon the ground that the statutes upon which the defendant was convicted were unconstitutional.

This court in United States v. Young, 8 Cir., 422 F.2d 302, decided March 3, 1970, has considered the constitutionality of §§ 4742(a) and 4744(a). Relying upon Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283, decided December 8, 1969, we held that § 4742(a) does not violate defendant's constitutional rights. We adhere to such holding. The court erred in vacating the conviction and sentences imposed on Counts I and III.

For the reasons set out in *Young,* we affirm the vacation of the conviction and sentences on Counts II and IV.

The vacation of the sentences on Counts I and III is reversed and such convictions and sentences as originally imposed shall be reinstated and shall be in full force and effect.

The judgment to the extent that it vacates the sentences imposed on Counts II and IV is affirmed.