PER CURIAM:

In this selective service case, Karlock was able to get his claim for conscientious objector classification adequately (so far as a paper showing is concerned) before the Appeals Board. That board rejected his claim. (A Selective Service officer had suggested he do so inasmuch as an appeal was pending from the local board in Karlock's student classification.)

 Selective Service having invited him to make such a claim, we conclude Karlock was entitled to some ruling or notice that would have enabled him to request a personal appearance before the local board. This was not done and we regard it as fatal to the conviction for refusing to be inducted.

If he was entitled to any consideration of his claim, he was entitled to it at the beginning level, as well as the appellate level. That is all we hold.

Judgment reversed.

James R. Briscoe, Denver, Colo., for petitioner-appellant.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for respondent-appellee.

Before LEWIS, Chief Judge, and PICKETT and HICKEY, Circuit Judges.

PER CURIAM.

Petitioner James Durwood Grisham, in 1963, was convicted on a six count indictment and sentenced to imprisonment for five years on each count, to be served concurrently, for violation of 26 U.S.C. §§ 4742(a), 7237(b), 4744(a) (1), 4744 (a) (2), 4755(a) and 21 U.S.C. § 176a, all involving trafficking in marijuana. No appeal was taken. In this 28 U.S.C. § 2255 motion, petitioner asserts that on the principles announced in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) and like cases, with respect to his Fifth Amendment right against self-incrimination, his conviction and sentence should be vacated. Petitioner did not allege that the self-incrimination issue was raised as a defense at the trial of the case. The motion was denied without a hearing. The sole question presented in this appeal then becomes whether the petitioner in a § 2255 proceeding must affirmatively

**James Durwood GRISHAM, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 655–69.

United States Court of Appeals, Tenth Circuit.

June 3, 1970.

Rehearing Denied June 29, 1970.

allege that he asserted the Fifth Amendment right against self-incrimination under *Leary,* supra.

We have held that the privilege against self-incrimination cannot be raised for the first time in post-conviction proceedings. Sepulveda v. United States, 415 F.2d 321 (10th Cir. 1969). The failure to allege that the Fifth Amendment privilege was asserted at the trial is fatal to the petitioner's motion.[1] Hilliard v. United States, 345 F.2d 252 (10th Cir. 1965).

Affirmed.

---

**George TAKAO, Appellant,**

v.

**Lillian REIMERS, Anna (Mink) Schwartz, Weibke Ryan and Ella James, Appellees.**

**No. 22955.**

United States Court of Appeals, Ninth Circuit.

May 20, 1970.

Donald E. Downen (argued), of Gigray, Boyd & Downen, Caldwell, Idaho, Frank H. Joseph, Weiser, Idaho, Robert D. Lytle, Vale, Or., for appellant.

John S. Simco (argued), of Elam, Burke, Jeppesen, Evans & Boyd, Boise, Idaho, Gatchel & Batt, Payette, Idaho, for appellees.

Before MERRILL and DUNIWAY, Circuit Judges, and BYRNE, District Judge [*].

PER CURIAM:

In this diversity action for breach of a lease of Idaho farmland the sole question is whether the District Court, having found a breach, erred in its findings respecting the extent of damages suffered as a consequence.

The lease was subject to a right of sale by the lessor and the property had been sold. Given this right of sale, the court found that the leasehold in itself had no value on the open market.

The District Court also found that appellant had failed to prove loss of

---

1. In its order denying the motion, the trial court found that "the record conclusively shows that petitioner made no plea based on the privilege against self-incrimination. * * *" The record here does not disclose the basis for this finding.

* Honorable William M. Byrne, Senior U. S. District Judge for the District of Central California, sitting by designation.