**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Johnny SIMPSON and Alfred William
Harrison, Defendants-Appellants.**

No. 71-2917
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 19, 1972.

Arthur Massey, Miami, Fla., Joseph A. St. Ana, Jacksonville, Fla. (Court ap-

* ■ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

pointed for Harrison), for defendants-appellants.

Robert W. Rust, U. S. Atty., Bruce E. Wagner, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Appellants Alfred W. Harrison and Johnny Simpson and five others were charged by a three-count indictment with (1) conspiracy to import marijuana into the United States in violation of 21 U.S.C. § 176a; (2) importation, on or about January 27, 1971, of six hundred pounds of marijuana in violation of 21 U.S.C. § 176a and 18 U.S.C. § 2; and (3) importation, on or about March 14, 1971, of five hundred and ten pounds of marijuana in violation of 18 U.S.C. § 2. A jury found both defendants guilty on counts one and two.[1] Harrison was sentenced to serve fifteen years on each count with the sentences to run concurrently. Simpson was sentenced to serve five years on each count with the sentences to run concurrently.

On appeal, Simpson challenges the sufficiency to the evidence offered by the Government. After carefully reviewing the evidence on counts one and two, and as we must for purposes of appellate review, viewing the evidence in the light most favorable to the Government, Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, we conclude that there was ample evidence from which the jury could conclude that Simpson was guilty of the offenses charged.

■■ Harrison argues that the trial judge erred in requiring Harrison's counsel to go to trial without adequate opportunity for preparation. The granting of a continuance is, however, entrusted to the sound discretion of the district court. We detect no abuse of the

1. Harrison was not named in count three. Simpson's motion for judgment of acquittal was granted as to count three.

Court's exercise of that discretion in the present case. *See* Ungar v. Sarafite, 1964, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921; Avery v. Alabama, 1940, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; United States v. Gower, 5 Cir. 1971, 447 F.2d 187; United States v. Fuentes, 5 Cir. 1970, 432 F.2d 405; United States v. Johnson, 5 Cir. 1969, 417 F.2d 332; McKissick v. United States, 5 Cir. 1967, 379 F.2d 754. Harrison was not deprived of effective assistance of counsel. Our review of the record reveals that Harrison was adequately represented.

Harrison also complains of a remark to the jury made by the Assistant United States Attorney during closing argument. The remark when viewed in the context of the cautionary instruction given by the trial judge, was not reversible error. *See* F.R.Crim.P. 52(a).

Affirmed.