James L. McKINNEY, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 73-1663

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1974.

Rehearing Denied Feb. 7, 1974.

Natalie Baskin, Miami, Fla. (Court-appointed), for petitioner-appellant.

Barry Scott Richard, William L. Rogers, Asst. Attys. Gen., Miami, Fla., for respondent-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

■ Petitioner James L. McKinney filed his habeas corpus petition in federal district court seeking relief from his conviction on a jury verdict in Florida state court for assault with intent to commit murder. As his sole ground for relief, Petitioner alleged that the trial court's failure to grant a continuance resulted in a denial of Petitioner's Sixth Amendment right to effective assistance of counsel and compulsory process for obtaining witnesses in his favor.[1] The district court dismissed the habeas petition. We affirm.

Immediately prior to trial of this case, court-appointed counsel requested a continuance. Counsel indicated that depositions were being completed, and "whether or not there are going to be defense witnesses . . . is one of the reasons for the continuance." The State opposed the request on the ground that the victim, who was also a key witness, had suffered severe injury and had great difficulty getting to court for the proceedings. The motion for continuance was denied.

At trial the victim, Mrs. McKinney, testified that, as she was preparing to go to bed, her husband, Petitioner, sprayed lighter fluid on her and threw a lighted match at her, saying "I'm going to burn you up." Petitioner, on the other hand, testified that he was cutting the top off of the can of lighter fluid in order to fill his cigarette lighter, when his wife had an epileptic seizure. According to Petitioner, this caused him to spill lighter fluid on Mrs. McKinney, and she apparently sparked the lighter. On rebuttal Mrs. McKinney and her son testified to previous assaults on her by Petitioner. Upon this testimony and that of several other witnesses, the jury returned a verdict of guilty, and the court sentenced Petitioner to a term of ten years.

■ Both parties agree that the grant or denial of a motion for continuance is entrusted to the sound discretion of the trial judge. Ungar v. Sarafite, 1964, 376 U.S. 575, 84 S.Ct. 841, 11 L. Ed.2d 921; United States v. Simpson, 5 Cir. 1972, 460 F.2d 1321; United States v. Gower, 5 Cir. 1971, 447 F.2d 187. Whether or not a court has abused its discretion must be determined on a case by case basis:

> There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.

Ungar v. Sarafite, *supra*, 376 U.S. at 589, 84 S.Ct. at 850.

■ In the course of his habeas proceeding in federal district court, Petitioner alleged that, if his motion for continuance had been granted, the witnesses he would have called at trial would have provided important evidence, including testimony that Mrs. McKinney

---

1. In his Reply Memorandum in the district court, Petitioner noted that his trial counsel had met with him for only five minutes prior to the day of trial. Petitioner stated no other facts, however, that would support a claim that his counsel did not render reasonably effective assistance irrespective of the trial court's denial of the motion for continuance; and in the habeas petition itself, Petitioner made no such claim. We therefore do not consider that question to be before us on this appeal.

had been treated for epileptic seizures prior to the incident in question. However, neither the identity of these witnesses nor the nature of the testimony they would have presented was made known to the trial judge at the time the motion for continuance was submitted. During the two day trial the court was never informed of any more specific basis for granting a continuance than counsel's general proffer that there might be witnesses who could aid in the defense of the case. In light of these facts and of the pain and inconvenience involved in Mrs. McKinney's travel to the courthouse, we cannot say that the trial court abused its discretion in denying the motion for continuance.

Affirmed.