STATE OF NORTH CAROLINA v. JERRY LEE BEESON

No. 50

(Filed 10 May 1977)

1. Criminal Law § 91.1— motion for continuance — constitutional right — appellate review

A motion for continuance is ordinarily addressed to the sound discretion of the trial judge and the ruling thereon will not be reviewed in the absence of an abuse of discretion; however, if the motion is based upon a right guaranteed by either the United States or North Carolina Constitution, the issue is one of law and the decision of the lower court is reviewable on appeal.

2. Constitutional Law § 46— refusal to remove appointed counsel

An attorney appointed by the court to represent an indigent defendant was properly required to continue as defense counsel where no "substantial reason" was shown for his removal, since an indigent defendant has no right to select the attorney to be appointed by the court.

State v. Beeson

3. Criminal Law § 91.4; Constitutional Law § 48—appointment of additional counsel — denial of continuance — effective assistance of counsel

Defendant was not denied the effective assistance of counsel by the trial court's denial of his motion for continuance so that a second attorney appointed by the court to assist previously appointed counsel could prepare for trial where original counsel was appointed approximately six months before trial; although defendant expressed dissatisfaction with his original counsel, there was no indication that defendant and original counsel differed on trial tactics or procedures; original counsel conducted the trial with the assistance of the newly appointed counsel; original counsel had thoroughly prepared for trial and subpoenaed witnesses for defendant; and there is no indication that original counsel did not effectively represent defendant at trial as his chief counsel.

Justice HUSKINS took no part in the consideration or decision of this case.

APPEAL by defendant pursuant to G.S. 7A-27(a) from the judgment entered by *Wood, J.,* at the 23 August 1976 Session of RANDOLPH Superior Court.

Defendant was tried upon an indictment, proper in form, charging him with the murder of Joseph Dougin Rogers. He was convicted of second degree murder and sentenced to life imprisonment.

The record on appeal does not contain the evidence introduced at trial. However, from the charge of the court to the jury, it appears that the State offered evidence tending to show that defendant struck Rogers numerous times on the head with a rifle. Rogers died as a result of the injuries so inflicted. Defendant's evidence tended to show that Rogers initiated the affray and that he struck Rogers in self-defense.

*Attorney General Rufus L. Edmisten, Assistant Attorney General James Wallace, Jr. and Associate Attorney James E. Scarbrough for the State.*

*Archie L. Smith, Jr. and T. Worth Coltrane for defendant appellant.*

MOORE, Justice.

The sole question presented for review is whether defendant was denied effective assistance of counsel by the trial judge's denial of a motion for a continuance made at the beginning of trial.

State v. Beeson

To determine this issue, it is necessary to review the history of the case and the continuances which had been previously granted. The alleged murder occurred on 12 February 1976. On 17 February 1976, defendant was adjudged an indigent and attorney T. Worth Coltrane was appointed to represent him. The case was calendared to be tried during the 22 March 1976 Session of RANDOLPH Superior Court. The case, however, was continued on the ground that defendant was in the process of employing private counsel. At the next session of court, 7 June 1976, defendant requested that he be committed to a mental institution to determine his capacity to assist in his defense and to determine his mental condition at the time of the commission of the crime. This request was granted and defendant was committed to a State mental hospital for examination. Defendant was found to be competent to stand trial and responsible for his acts. He was then returned to Randolph County for trial.

Defendant's case was again calendared for trial during the 12 July 1976 session of court. The case was called and the jury was selected. However, prior to empaneling the jury, the State informed defense counsel that a codefendant had agreed to testify for the State and was entering a plea of guilty to the crime of accessory after the fact of murder. Defendant moved for and was granted a continuance on the ground of surprise.

The next session of court was 23 August 1976. Again, defendant's case was called for trial, and again defendant moved for a continuance on the grounds that certain medical examinations had not been performed; that defense counsel was unable to locate two witnesses; that defendant had not cooperated with his court-appointed counsel; and that defendant was about to retain private counsel. The State announced that it was ready for trial and that its ten witnesses were present in court. These witnesses included two agents from the State Bureau of Investigation in Raleigh and three doctors from the medical examiner's office in Chapel Hill. After extended arguments by both the prosecution and the defense, the motion for continuance was denied.

After denying defendant's motion for a continuance, and after being subjected to several abusive and profane outbursts by defendant, the trial judge appointed attorney Archie Smith to assist previously appointed counsel, Mr. Coltrane. Mr. Smith assisted in the selection of the jury, examined defendant on

direct examination, and made an argument to the jury. Otherwise, Mr. Coltrane conducted the trial of the case. Upon being appointed, Mr. Smith immediately moved for a continuance to enable him "to adequately prepare a defense," since defendant had informed him that he did not want Mr. Coltrane to conduct any part of the trial. The motion for a continuance made by Mr. Smith was denied. The denial of this motion is the only issue raised by this appeal.

[1]  A motion for a continuance is ordinarily addressed to the sound discretion of the trial judge and the ruling thereon will not be reviewed in the absence of an abuse of discretion. *State v. Smathers,* 287 N.C. 226, 214 S.E. 2d 112 (1975). However, if the motion is based upon a right guaranteed by either the United States or North Carolina Constitution, the issue is one of law and the decision of the lower court is reviewable by this Court. *State v. Cradle,* 281 N.C. 198, 188 S.E. 2d 296, *cert. denied,* 409 U.S. 1047 (1972). *See also State v. Smathers, supra.* In present case, defendant contends that the denial of his motion for a continuance to enable Mr. Smith to prepare a defense infringed upon his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution which was made applicable to the states through the Fourteenth Amendment in *Gideon v. Wainwright,* 372 U.S. 335, 9 L.Ed. 2d 799, 83 S.Ct. 792 (1963). Thus, we address the issue of whether defendant was accorded effective assistance of counsel.

While it is a well established rule that all defendants are entitled to effective assistance of counsel, we held in *State v. McNeil,* 263 N.C. 260, 270, 139 S.E. 2d 667, 674 (1965), that:

> " . . . An indigent defendant in a criminal action, in the absence of statute, has no right to select counsel of his own choice to defend him, and we have no statute in North Carolina that gives him the right to select counsel. In the absence of any substantial reason for replacement of court-appointed counsel, an indigent defendant must accept counsel appointed by the court, unless he desires to present his own defense. . . . "

In *State v. Sweezy,* 291 N.C. 366, 230 S.E. 2d 524 (1976), defendant was indigent and at trial requested that his two court-appointed attorneys be removed because he felt that they were not going to properly represent him. In upholding the trial

judge's refusal to remove defense counsel, this Court reiterated the rule that a defendant has the right to conduct his defense without assistance of counsel, but he does not have the right to select the attorney to be appointed by the court. Further, the Court held that mere dissatisfaction with an attorney's services would not be a sufficient basis for removal of court-appointed counsel. *See also State v. Robinson,* 290 N.C. 56, 224 S.E. 2d 174 (1976).

[2] In present case, defendant did not request that he be permitted to present his own defense. To the contrary, he repeatedly requested that he be given additional time within which to employ private counsel, or that another attorney be appointed by the trial court. Since defendant was indigent, he had no right to select an attorney and we are unable to find a "substantial reason" for the removal of Mr. Coltrane from the case. Thus, Mr. Coltrane was properly required to continue as defense counsel. We are therefore faced with the question of whether the appointment of Mr. Smith as additional counsel required a continuance. We think not.

In *United States v. Abshire,* 471 F. 2d 116 (5th Cir. 1972), the trial court, as in the case at bar, appointed defense counsel approximately six months prior to trial. This counsel thoroughly prepared the case for trial—making pretrial motions, interviewing witnesses, *et cetera.* Shortly before trial, the trial court appointed a second attorney to assist previously appointed counsel in the trial of the case. The newly appointed counsel moved for a continuance, which was denied. In the trial of the case, the first appointed counsel was present at all times and actively assisted new defense counsel. Under these facts, the Fifth Circuit Court of Appeals held that defendant had received effective assistance of counsel and that the denial of the continuance was proper.

Similarly, in *Sykes v. Virginia,* 364 F. 2d 314 (4th Cir. 1966), defendant petitioned for habeas corpus relief, alleging lack of effective assistance of counsel. The evidence tended to show that defendant and his court-appointed counsel disagreed on the issue of whether defendant should plead guilty. As a result, the trial judge appointed another attorney to assist previously appointed counsel. Three days prior to trial, new defense counsel requested a continuance, which was denied. When the case came on for trial, defendant stated that he would waive a

jury trial. The prosecution, however, refused to waive a jury and the trial judge ordered that the trial be by jury. Defense counsel then requested a continuance on the ground that they were prepared for a nonjury trial but not for a jury trial. The trial judge gave defense counsel two hours within which to prepare for a jury trial and denied the motion for a continuance. The Fourth Circuit held that this denial of a continuance did not deprive defendant of effective assistance of counsel in light of the fact that the first appointed defense counsel had fully prepared the case for trial and had full knowledge of the witnesses and their expected testimony. *See also United States v. Gower,* 447 F. 2d 187 (5th Cir.), *cert. denied,* 404 U.S. 850 (1971); *Cohen v. Wainwright,* 418 F. 2d 565 (5th Cir. 1968), *cert. denied,* 399 U.S. 933 (1970).

[3] The record in present case does not support defendant's contention that he has been denied his constitutional right of effective representation by counsel. Despite any differences between defendant and his counsel, Mr. Coltrane did represent him and there is no indication that he did not represent him effectively. Neither is there any indication that Mr. Coltrane and defendant differed on trial tactics or procedures before or during the trial. Mr. Coltrane moved for and obtained a mental examination of defendant. When taken by surprise in finding that a codefendant had entered a plea of guilty and was planning to testify for the State, Mr. Coltrane moved for and obtained a continuance. On two or three occasions in seeking a continuance, Mr. Coltrane stated to the court that he would withdraw as appointed counsel in order that defendant could employ private counsel to represent him. Apparently, defendant, an indigent, was unable to obtain such counsel, although he had six months in which to do so.

Mr. Coltrane issued subpoenas for defendant's witnesses and obtained the assistance of the sheriff and the State Bureau of Investigation in attempting to locate these witnesses. He conducted the trial with the assistance of Mr. Smith and was successful in convincing the jury to return a verdict of guilty of second degree murder, rather than first degree murder for which defendant was being tried. Mr. Coltrane, throughout the trial, continued to act as defendant's chief counsel. It was only after several outbursts by defendant in open court that the trial

judge, who patiently endured derogatory remarks by defendant, appointed Mr. Smith.

In appointing Mr. Smith, the trial judge made it clear that he was appointing him only to assist Mr. Coltrane, stating:

"The Court will find in addition to what I [have] already found as to this continuance that the defendant had ample time to employ private counsel, and I am appointing you [Mr. Smith] to assist Mr. Worth Coltrane, who has been the defendant's counsel since February. . . .

*      *      *

"Mr. Coltrane is still counsel, and I have appointed you to assist him so I could be sure that the defendant, without any scintilla of question in my mind that this defendant is being provided not just adequate counsel, but more than adequate counsel."

Mr. Coltrane was found by the trial court to be an excellent lawyer and was thoroughly prepared for trial. He advocated his client's position at all times and was, at least, partially successful in the trial of the case. Accordingly, the fact that Mr. Smith, who was appointed only to assist Mr. Coltrane, was not fully prepared for trial will not support the contention that defendant was not effectively represented by counsel.

The facts in present case show no abuse of discretion on the part of the trial judge in denying a continuance of the case and no violation of defendant's constitutional rights. Rather, they show a conscientious judge using every effort to see that an unruly defendant was adequately represented and finally brought to trial. The verdict and judgment of the trial court must therefore be upheld.

No error.

Justice HUSKINS took no part in the consideration or decision of this case.