Robert Burnice **GREENWOOD**,
Appellant,

v.

**UNITED STATES** of America,
Appellee.

Hugh Franklin (Chicken) **LUNSFORD**,
Appellant,

v.

**UNITED STATES** of America,
Appellee.

Nos. 10565, 10768.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1966.

Decided Feb. 9, 1968.

Harold K. Bennett and Robert B. Long, Jr., Asheville, N. C., for appellant in No. 10,565.

I. C. Crawford, Asheville, N. C., for appellant in No. 10,768.

William Medford, U. S. Atty., and James O. Israel, Jr., Asst. U. S. Atty., for appellee.

Before SOBELOFF, BELL* and WINTER, Circuit Judges.

WINTER, Circuit Judge:

Appellants, Greenwood and Lunsford, were indicted in a single-count indictment under 18 U.S.C.A. § 371 for conspiracy to violate 26 U.S.C.A. §§ 4401, 4411 and 7201, viz., unlawfully attempting to evade and defeat taxes imposed on wagering, carrying on wagering activities without having registered with the Secretary of the Treasury and without having secured a wagering tax stamp, and without having paid the excise taxes imposed on such activities. They were found guilty in a trial by jury, and each was sentenced to a term of three years. Greenwood claims that he was improperly convicted because, *inter alia*, 26 U.S.C.A. § 4401 et seq., which appellants were found guilty of conspiring to violate, are

---

* Judge Bell, who died after argument but before the filing of an opinion in the cases, did not participate in the decision of the cases or preparation of the opinion.

unconstitutional as in violation of the Fifth Amendment privilege against self-incrimination. Appellant Lunsford adopts the contentions made by appellant Greenwood to the extent that they are applicable to him, and makes an additional one of his own.

After joint argument in the cases, we stayed further proceedings pending the decision of the Supreme Court of the United States in Costello v. United States, No. 41, October Term, 1966, and related cases, in which certiorari to examine the constitutionality of 26 U.S.C.A. § 4411 was granted. Costello died before a decision in his case so that his appeal abated, but, on January 29, 1968, the Supreme Court decided Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968). We think that the decisions in those cases require that the convictions of the defendants in the instant cases be reversed and that the defendants be discharged.

In *Marchetti*, the Court decided that the privilege against self-incrimination, properly asserted, was a complete defense against prosecution for failure to pay the annual occupation tax on wagering imposed by 26 U.S.C.A. § 4411 and a wilful failure to register as required by 26 U.S.C.A. § 4412 before engaging in the business of accepting wagers. In *Grosso*, the Court decided that a taxpayer may not be convicted of conspiracy to evade payment of the excise tax imposed on wagering by 26 U.S.C.A. § 4401, "if the constitutional privilege [the privilege against self-incrimination] would properly prevent his conviction for wilful failure to pay it." The Court also applied the same doctrine to a conspiracy to evade payment of the special occupational tax imposed by 26 U.S.C.A. § 4411. United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754 (1953), and Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475 (1955) were both overruled in *Marchetti*, to the extent that they precluded assertion of the constitutional privilege as a defense to

the indictments in that case and impliedly they received like treatment in *Grosso*.

In the instant appeals the indictments were like those in *Grosso*. It follows that the Fifth Amendment privilege was a complete defense if properly asserted. Neither by pre-trial motion nor during the trial did Greenwood or Lunsford assert the privilege, except that they declined to testify at their trial. They raised it first in their briefs in this Court. But their failure to do so in the district court was in the context of *Kahriger* and *Lewis*, which, until January 29, 1968, were eroded but not scrapped. As in *Grosso*, we do not, therefore, treat their failure to assert the issue as an effective waiver of the constitutional issue, and our examination of the record fails to disclose any other evidence on which a finding of waiver of the privilege against self-incrimination may be based. We reverse the judgments and direct the entry of judgments of discharge.

Reversed and remanded.