Charles EBY, a/k/a Charles Cragg, Appellant,

v.

UNITED STATES of America, Appellee.

No. 69–68.

United States Court of Appeals Tenth Circuit.

Aug. 11, 1969.

Rollie R. Rogers, Denver, Colo., for appellant.

Hubert A. Marlow, Asst. U. S. Atty., (Lawrence A. McSoud, U. S. Atty., and Robert P. Santee, Asst. U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and SETH, Circuit Judges.

PER CURIAM.

Appellant seeks post-conviction relief under 28 U.S.C. § 2255 from a conviction entered on a plea of guilty to the charge of not paying the transfer tax on marijuana contrary to 26 U.S.C. § 4744(a)(1) and transporting and concealing marijuana in violation of 26 U.S.C. § 4744(a)(2). Appellant was initially placed on probation, but it was revoked and he was sentenced to prison in November 1965.

Appellant asserts that his constitutional privilege against self-incrimination was violated. The claim was based initially on Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923. At the time the matter was heard by the trial court, Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94, were pending before the Supreme Court.

The appellant entered a plea of guilty to the charges and thus the issue arises as to whether this plea constituted a waiver of the claim of privilege. We have recently held in Whaley v. United States, 10 Cir., 394 F.2d 399, that such a plea does constitute a waiver of the privilege against self-incrimination, taking into consideration Marchetti, Grosso, and Haynes. There was no assertion of the privilege until the application for post-conviction relief some years later. We have now reexamined Whaley in the light of the decisions of the Supreme Court in Covington and Leary, but they do not direct a change. We are not unmindful of the decisions in United States v. Miller, 406 F.2d 1100 (4th Cir.), and Deckard v. United States, 381 F.2d 77 (8th Cir.), where guilty pleas were entered, but the court nevertheless gave post-conviction relief on the ground that it would have been useless to raise the privilege at trial in view of the then state of the law.

We recently had before us a case on direct appeal where the claim was properly and timely raised. United States v. Freeman, 412 F.2d 1180 (Tenth Circuit, June 20, 1969).

The Supreme Court has recently alluded to the effect of a guilty plea. By way of dictum in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, the Court said:

"A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers."

The Court also mentioned the effect of a plea in a state proceeding in Boykin v. State of Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, where it there also said:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable

to the States by reason of the Fourteenth."

The decision in Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, may cast some doubt in cases where a plea of guilty has not been made, but not so where the plea was entered.

We do not here consider the issue as to whether Covington and Leary are retroactive for the reason that even if they were retroactive, the appellant's claim must fail.

Affirmed.