**Horace Alfred JORDAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 482–69–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

Dec. 2, 1969.

Charles V. Bashara, Norfolk, Va., for petitioner.

Roger T. Williams, Asst. U. S. Atty., Norfolk, Va., for respondent.

### MEMORANDUM ORDER

KELLAM, District Judge.

Horace Alfred Jordan was indicted and tried jointly with Rosita Gawan under a two count indictment charging them (1) with possession of goods stolen while moving in interstate commerce having a value in excess of $100.00,[1] and (2) being transferees of marihuana, did acquire, obtain, transport, conceal and facilitate the transportation and concealment without having paid the tax.[2] Jordan was also charged in a one count indictment in Criminal No. 13,374–N, with having in his possession men's clothing stolen while moving in interstate commerce, having a value in excess of $100.00.[1] Defendants entered pleas of not guilty and waived trial by jury. Each filed a motion to dismiss the count for failure to pay the tax on the marihuana as unconstitutional because violative of the Fifth Amendment to the Constitution protecting them from self-in-

---

1. Violation of Title 18 § 659, carrying a maximum penalty of 10 years and $5,000.00 fine if the value is in excess of $100.00. If it does not exceed $100.00, it carries a fine of $1,000.00 and 1 year.

2. Violation of Title 26 § 4741(a), carries maximum penalty of 10 years and $20,000.00 fine.

crimination. Based upon the decision of the Circuit Court of Appeals for the Fifth Circuit in Leary v. United States, 392 F.2d 220, the Court on May 15, 1968, denied the motion to dismiss.

On July 10, 1968, the Court proceeded to hear the case without a jury. After the Government had presented evidence for a considerable part of a day, counsel for the Government and for defendant advised the Court defendant Jordan desired to withdraw his plea of not guilty to the second count of the indictment in Criminal No. 13,366, and to enter a plea of guilty thereto; that the Government desired to file an information (Criminal No. 13,513–N) against Jordan charging him with possession of goods of a value less than $100.00, stolen while moving in interstate commerce, etc.,[3] and that Jordan wished to enter a plea of guilty thereto; that if the Court accepted said pleas and Jordan was found guilty, the Government would then move to dismiss Count One of the indictment in Criminal No. 13,366, and Criminal No. 13,374–N.

After advising Jordan of his rights, and determining that he understood the charges, the nature of his pleas and the consequences, the Court accepted his pleas of guilty. He was thereafter found guilty and on August 6, 1968, sentenced to a term of one year on the possession of merchandise stolen while moving in interstate commerce, and three years on the marihuana charge, to run consecutively. He commenced service of such sentence on August 19, 1968. Though advised of his right to appeal, no appeal was noted.

Thereafter, on September 19, 1969, Jordan forwarded to this Court a petition pursuant to Title 28 § 2255, U.S.C.A., asserting that "the Court did err in allowing me to plead guilty to violation of Title 26 U.S.C. Section 4744(a) *Stamp Act*, in that it was a violation of my Constitutional right to protection against self-incrimination in accordance with the 5th Amendment." The petition was duly filed and counsel appointed to represent him. A plenary hearing was granted.

In Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, decided May 19, 1969, the Supreme Court held that the Fifth Amendment privilege provides a complete defense to the prosecution for violating Title 26 U.S.C.A. § 4744(a) unless the plea is untimely, the defendant confronted no substantial risk of self-incrimination, or the privilege has been waived. United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94. We are here concerned only with the question of whether the privilege was waived by defendant's (1) failure to note an appeal to the Circuit Court of Appeals for the Fourth Circuit,[4] and/or (2) entry of the plea of guilty.

In Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, defendant moved to dismiss, asserting the requirements of the statute were in violation of his privilege against self-incrimination, as guaranteed by the Fifth Amendment. When the motion was denied, Haynes entered a plea of guilty. Haynes appealed. At page 100 of 390 U.S. 100, at p. 732 of 88 S.Ct., the Court said:

We note, however, there can be no suggestion here that petitioner has waived his privilege, and that, moreover, the United States has conceded that petitioner's privilege against self-incrimination must be found to have been impermissibly infringed if his contentions as to the proper construction of § 5851 and 5841 are accepted.

In Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, the Court disposed of the issue of defendant's failure to assert the privilege, with the language "we are unable to view his failure to present this issue as an effec-

---

3. Id. footnote 1.

4. Although defendant entered a plea of guilty which was, after full examination, and explanation of his rights by the Court, accepted, the Court advised defendant of his right to an appeal.

tive waiver of the constitutional privilege." And in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L. Ed.2d 889, the Court said we cannot conclude the failure "to assert the privilege to Treasury officials at the moment the tax payments were due irretrievably abandoned his constitutional protection."

In Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, defendant did not assert the claim of privilege "until his motion for a new trial." The Supreme Court held "his failure to raise the issue at that time [at trial] did not amount to a waiver of the privilege." See also Greenwood et al. v. United States, 392 F.2d 558 (4th Cir.1968).

In United States v. Miller, 406 F.2d 1100 (4th Cir.1969), the defendants entered guilty pleas before raising the issue of the Fifth Amendment privilege to their prosecution, nor did they appeal the judgments of conviction based on those pleas. The Court there said it found "no waiver here and conclude that the defendants' post-conviction motion constitutes a 'proper assertion' of the Fifth Amendment privilege." Likewise, that Court held that the ruling in Haynes v. United States, supra [390 U. S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923] should have retroactive application. If Haynes is to have retroactive application, by the same reasoning Leary should.

From the above decisions, it is apparent petitioner did not waive his privilege by entering a plea of guilty. Likewise, in *Miller*, supra, it was held that the privilege was not waived by a failure to appeal. [406 F.2d 1105]. Since *Miller*, supra, [406 F.2d 1105] holds that petitioners' "post-conviction motion constitutes a 'proper assertion' of the Fifth Amendment privilege," and petitioner now asserts that privilege, the Court has no alternative other than to set aside the conviction and sentence imposed pursuant to Title 26 § 4744(a) U.S.C.A.

It is ordered that the sentence of three years imposed pursuant to Count Two of the indictment in Criminal No. 13,366–N upon the plea of guilty entered by Horace Alfred Jordan for violation of Title 26 § 4744(a) of the United States Code is set aside and vacated, and defendant released from further prosecution for said violation.

The Clerk will forward copy of this Order to the United States Attorney for this District, Charles V. Bashara, Esquire, counsel for petitioner, and the Superintendent of the United States Penitentiary, Lewisburg, Pennsylvania, and to Horace Alfred Jordan.