**UNITED STATES of America,
Plaintiff,**

v.

**T. A. SPERRINGER, Defendant.
Crim. No. 67–25–E.**

United States District Court,
N. D. West Virginia.
Jan. 28, 1971.

with willful and unlawful failure to pay the special occupational tax required to be paid by 26 U.S.C.A. § 4461(a) (2) on coin-operated gaming devices, as defined in 26 U.S.C.A. § 4462(a) (2), before maintaining such gaming devices for use, as required by 26 U.S.C.A. § 4901(a), in violation of 26 U.S.C.A. § 7203, and the fifth count charging willful failure to pay the occupational tax imposed by 26 U.S.C.A. § 4411 for fiscal year 1967, in violation of 26 U.S.C.A. § 7262.

Proceedings in the action were held in abeyance pending the decisions of the Supreme Court in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L. Ed.2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and further delay was encountered as a result of the withdrawal from the case of defendant's counsel.

On January 12, 1971, the defendant appeared before the Court in person and by counsel for the assignment of a trial date, and at that time defendant's motion to dismiss was tendered and filed. There is now pending before the Court the above referenced motion to dismiss the information.

The pending motion is based entirely on the Supreme Court decisions in Marchetti v. United States, *supra,* and Grosso v. United States, *supra,* and the opinion of the United States Court of Appeals for the Fourth Circuit in Greenwood v. United States, 392 F.2d 558 (4th Cir. 1968), a case in which that Court followed the *Marchetti* and *Grosso* decisions.

Paul C. Camilletti, U. S. Atty., Wheeling, W. Va., for plaintiff.

Frank Cuomo, Jr., Pinsky, Mahan, Barnes, Watson, Cuomo & Hinerman, Wellsburg, W. Va., for defendant.

## MEMORANDUM ORDER

MAXWELL, Chief Judge.

On May 5, 1967, a five-count information was filed in this action, the first four counts charging this defendant

It is the defendant's contention that the above cited cases are controlling as to each and every count in the information herein, and that the teachings of those decisions require the dismissal of the information.

The United States concedes that "Count V * * * involves the enforcement of a statute which has been determined to be unconstitutional by virtue of Marchetti-Grosso," but asserts

that Counts I–IV of the information are not within the proscriptions enunciated by the Supreme Court in those decisions.

The question squarely before the Court, then, is whether *Marchetti* and *Grosso* are applicable to the first four Counts of the information herein.

In *Marchetti*, the Court held that the occupational tax imposed on persons accepting wagers by 26 U.S.C.A. § 4411 and the requirement that those who paid this tax register annually with the district office of the Internal Revenue Service, 26 U.S.C.A. § 4412, when coupled with the comprehensive federal and state prohibitions against wagering and the ready availability of the information provided to the Internal Revenue Service offices to prosecuting authorities by virtue of 26 U.S.C.A. § 6107 [1] (which required the internal revenue district offices to provide prosecuting officers with a listing of those who had paid the occupational tax) and 26 U.S.C.A. § 6806(c) [2] (which required the posting in a "conspicuous place" of the stamp denoting the payment of the tax imposed under § 4411), were self-incriminatory, and that the assertion of the Fifth Amendment privilege precluded prosecution for failing to comply with the registration and occupational tax requirements.

In *Grosso*, the defendant had been convicted in a District Court of 15 counts of willful failure to pay the excise tax on wagering imposed by 26 U.S.C.A. § 4401, four counts charging violations of § 4411 of the same title, and one count of conspiracy to defraud the United States by evading the payment of both taxes, in violation of 18 U.S.C.A. § 371. In reference to the excise tax, the Court noted that those persons required to pay the tax were required by Treasury Regulations to submit a monthly report on a form provided by the Internal Revenue Service, and that the information on these forms had in several instances been provided to prosecuting authorities. 390 U.S. at 66, 88 S.Ct. 709 at 712. On this basis, the Court found that it could "only conclude that those liable for payment of the excise tax may reasonably expect that information * * * will ultimately be proffered to state and federal prosecuting officers." *Id.* The conviction as to the excise tax was reversed for this reason, and the conviction on the charges under § 4411 were reversed for the reasons stated in *Marchetti*.

26 U.S.C.A. § 6107, in force on the accusation dates of the information, provided that the list of persons paying special taxes, which list was to be made available to prosecuting authorities upon application, included "the names of all persons who have paid special taxes under subtitle D or E * * *" This section thus encompassed those persons who had paid the occupational tax imposed by § 4461, this section being a part of Chapter 36 of subtitle D.

Likewise, the posting requirement imposed by 26 U.S.C.A. § 6806(c) for stamps obtained in compliance with § 4411 was paralleled by § 6806(b), which established a like requirement for stamps obtained in compliance with § 4461.

In view of these similarities and the statutory prohibitions against gambling set forth in West Virginia Code ch. 61, art. 10 (Michie 1966) (noted in *Marchetti, supra,* 390 U.S. at 44, n. 5, 88 S.Ct. 697), see also State v. Gaughan, 55 W.Va. 692, 48 S.E. 210 (1904), the Court must conclude that the occupational tax imposed by § 4461 and the ancillary provisions calculated to assure its collection created for this defendant

---

1. Repealed, effective October 22, 1968. Pub.L. 90–618, Title II, § 203(a); 82 Stat. 1235.

2. This Section was amended, effective October 22, 1968. Pub.L. 90–618, Title II, § 204; 82 Stat. 1235. It is notable that the amendment eliminated the posting requirements for those persons liable for a special tax under, inter alia, subchapter B of Chapter 36, subtitle D, which is entitled "Occupational Tax on Coin-Operated Devices."

"real and appreciable" rather than merely "imaginary and unsubstantial" hazards of self-incrimination.

From what has been said, it follows that the teachings of *Marchetti* and *Grosso* are applicable to each and every count of the within information, and that this defendant's assertion of his privilege against self-incrimination provides a complete defense to this prosecution.

It is accordingly adjudged and ordered that for the reasons herein stated, the defendant's motion to dismiss the information herein is sustained, and that this action be, and the same is hereby, dismissed and retired from the docket of this Court.